

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK RICHTER, an individual, and REAL EQUITIES, INC., an Illinois corporation, | Case No. 2:24-cv-03622-MWF(SKx) |
| | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| Plaintiffs, | |
| vs. | |
| | **[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED JULY 23, 2024]** |
| KRG TRADING INC., a California corporation; BLUESKY GROUP TRADING INC., a California corporation; LONESTAR GROUP LLC, a California limited liability company; KAI-JHEN HUANG, an individual; ROYAL CHRONOS LIMITED, a California corporation; JUNCHAO DUAN, an individual; Z&Q INTERNATIONAL TRADING CO. LTD., a California corporation; ZHENGXIN ZHOU, an individual; DLAB MAX LIMITED, a California corporation; JIEXIN LIN, an individual; WEALTH USA, INC., a New York corporation; AE PAY, INC., a New York corporation; PARETONE CAPITAL (CAYMAN) LTD., a Cayman Islands exempted company; PARETONE CAPITAL FUND LP, a | |

Delaware limited partnership;
PARETONE CAPITAL LLC, a
California limited liability company;
WEI "VINCENT" WANG, an
individual; XUEJIN TRADING LLC, a
New York limited liability company;
XUEJIN LIN, an individual; QUEEN W
INVESTMENT, LLC., a California
limited liability company; QUN WANG,
an individual; APEX SKY LIMITED, a
California Corporation; MENGQI LI, an
individual; and DOES 1-20, inclusive,

Defendants.

Before the Court is an Order to Show Cause ("OSC") Why a Preliminary Injunction Should Not Issue.

The OSC was noticed to be heard on **August 28**, **2024**. The Court read and considered the papers on the OSC and heard arguments from Plaintiffs' counsel.

This action commenced on May 1, 2024. Plaintiffs filed a First Amended Complaint on July 30, 2024. In their Complaint, Plaintiffs allege that Defendants participated in a romance and investment scheme known as "pig butchering." (First Amended Complaint ¶ 2). From the actions arising out of the scheme, Plaintiffs allege eight causes of actions: fraud, conspiracy to commit fraud, conversion, unjust enrichment, a constructive trust and disgorgement, violations of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d) and request for injunction.

On August 14, 2024, the Court filed an Order Granting Plaintiffs' Ex Parte Application for Order (1) Temporarily Sealing Court File and Docket; and (2) Lifting Temporary Seal on Fourteenth Business Day After Entry of TRO (Docket No. 57).

The Court, finding good cause, issued an Order Granting Plaintiffs' Ex Parte Application for Temporary Restraining Order for Asset Freeze and Order to Show

Cause ("OSC") Why a Preliminary Injunction Should Not Issue and Expedited Discovery and Order Waiving Notice Requirements (the "TRO/OSC", Docket No. 57). The Court set an OSC hearing for August 28, 2024, which was held with only counsel for Plaintiffs appearing remotely.

A party seeking a preliminary injunction must establish the following: (1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. It may take two forms. "A prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009) (internal alterations and quotation marks omitted). A mandatory injunction orders a party to take action. *Id.* at 879. Because a mandatory injunction "goes well beyond simply maintaining the status quo *pendente lite* [it] is particularly disfavored." *Id.* (internal alterations omitted).

"In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979)).

The Court determines that the reasons initially justifying the issuance of a TRO are sufficient to justify the issuance of a preliminary injunction. Therefore, the Court concludes that Plaintiffs have established that they are likely to prevail on the merits of their claims. The Court further determines that Plaintiffs have met their

burden to establish that they will suffer irreparable harm if an injunction is not issued, that the balance of equities favors the issuance of an injunction, and that an injunction is in the public interest.

Accordingly, the Court determines that all four *Winter* factors weigh in favor of issuing a preliminary injunction replacing the TRO that will remain in effect for the rest of this action, unless ordered otherwise by the Court at the **ORDER TO SHOW CAUSE HEARING on SEPTEMBER 20, 2024, at 3:00 p.m**. as to why the ordered preliminary injunction should not remain in effect for the rest of this action. Defendants shall file a response or oppose the applicability of the preliminary injunction by **September 17, 2024**.

Plaintiffs must perfect service, including service of this Order, on all Defendants. Plaintiffs shall inform the Court when they have been able to serve Defendants. Such notice must be filed as soon as possible, and no later than the next court day after Plaintiffs learn a Defendant has been served.

**IT IS SO ORDERED.**

Dated:  September 3, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge

## **PROOF OF NON-SERVICE**

I, Staci Black, declare that:

I am a resident of the County of Sedgwick, Kansas. I am over the age of eighteen years and not a party to the within entitled action; my business is Harris Sliwoski LLP, 600 Stewart Street, Suite 1200, Seattle, WA 98101. On August 30, 2024, I declare that the attached:

***EX PARTE* TEMPORARY RESTRAINING ORDER FOR ASSET FREEZE AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND EXPEDITED DISCOVERY AND ORDER WAIVING NOTICE REQUIREMENTS**

**[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED JULY 23. 2024]**
**has not been served** on any party or counsel in this matter.

Party/counsel

**BY U.S. MAIL:** By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid following ordinary business practices, for deposit with United States Postal Service at my place of business as set forth above, addressed to the person(s) listed above. I am readily familiar with this business practice for collection and processing of correspondence for mailing within the United States Postal Service. In the ordinary course of business, such correspondence would be deposited with the United States Postal Service that same day.
**BY EMAIL:** I transmitted a copy of such document(s) via email to the email address(es) set forth above.
**BY PERSONAL SERVICE:** I delivered **a true copy thereof** by hand to the addressee(s).
**BY FEDERAL EXPRESS:** I caused such envelopes to be delivered to Federal Express for overnight courier service to the office(s) of the addressee(s).

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 30, 2024, in Wichita, Kansas.

*s/ Staci Black*
Staci Black